# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Mark Allen Elliot, ) | |
| ) | C.A. No.: 0:17-cv-2745-PMD-PJG |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Aaron S. Joyner, Warden at Lee ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner Mark Elliot's objections to United States Magistrate Judge Paige J. Gossett's Report and Recommendation ("R & R") (ECF Nos. 23 & 19). For the reasons set forth herein, the Court overrules Petitioner's objections, adopts the R & R, and grants Respondent's motion for summary judgment.

## BACKGROUND

This 28 U.S.C. § 2254 action arises out of Petitioner's state-court conviction for kidnapping. According to Petitioner, his trial counsel was ineffective for failing to submit the victim's phone records into evidence because those phone records supported his theory that the victim was talking and receiving calls while they were together. Petitioner contends that those records undermine the State's theory that the victim was kidnapped because she remained free to use her phone and communicate with others.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to

the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

As set forth by the Magistrate Judge, the State's theory of the case was that Petitioner tried to rob a fourteen-year-old girl,[1] her boyfriend, and her friends outside of a beach house where the girl was staying. After realizing that the girl and her friends did not have any cash, Petitioner told the girl to get in his car. The girl testified at trial that she believed Petitioner had a gun, and that Petitioner drove her to unfamiliar parts of the city to get her as lost as possible. The girl further testified that she had her phone with her in the car but that she did not call the police because she did not want to upset Petitioner. She also testified that she answered the phone when her boyfriend called her, and that Petitioner instructed her to tell her boyfriend that she was out of the car and walking back to the beach house. When she did so, she testified that her boyfriend did not believe her and that she hung up because Petitioner became agitated. She then turned her phone off and gave it to Petitioner, and she did not get to use it again during the encounter.

---

1. The Court refers to this girl as both "the girl" and "the victim."

2

At trial, Petitioner's counsel cross-examined the girl using her phone records, asking what she was talking to someone on the phone about in an abduction situation. Petitioner's counsel also asked her why Petitioner would have allowed her to keep her phone and answer calls if he was holding her against her will. While the jury was deliberating, they asked to see a copy of the phone records. However, because the records were not moved into evidence during the trial, the state court ultimately ruled that they could not be provided to the jury. The jury then convicted Petitioner of kidnapping.

During Petitioner's post-conviction relief ("PCR") hearing, his trial counsel testified that he should have moved the phone records into evidence, but that he felt they were a little hard to read, he would not have been able to highlight the relevant portions of the records, and he did not want to confuse the jury. Additionally, Petitioner's trial counsel testified that there was nothing in those records that he did not bring out on cross-examination. The PCR court ultimately concluded that Petitioner's trial counsel was not ineffective for failing to put the records into evidence because he raised all of the information contained in those records on cross-examination of the girl at trial.

The Magistrate Judge concluded that Petitioner's trial counsel's decision not to move the phone records into evidence fell within the wide range of reasonable professional assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), because Petitioner's trial counsel testified at the PCR hearing that he believed the phone records would confuse the jury. In addition, the Magistrate Judge also concluded that Petitioner's trial counsel had extensively covered the alleged inconsistencies between the phone records and the victim's testimony at trial during Petitioner's trial counsel's cross-examination of the victim, and that the PCR court reasonably found that the phone records were consistent with the victim's testimony. Petitioner argues in his objections that it is not possible to conclude that the phone records are consistent with the girl's testimony. The

Court disagrees. As noted by the Magistrate Judge, the phone records themselves do not provide any indication of what the conversation between the participants actually was. Instead, the records only show the fact that a conversation happened, and the length of that conversation. Those issues were not disputed at trial; the only disputes involved the subject of those calls and the circumstances surrounding them.

Additionally, the fact that the jury asked to see the records during their deliberations has no bearing on the reasonableness of Petitioner's trial counsel's decision not to enter the phone records into evidence because the jury's request for the records occurred after the case was submitted to them. As a result, evaluating Petitioner's trial counsel's decision not to enter those records into evidence based on the jury's later request for them would involve the benefit of hindsight, which is not permitted. *See Strickland*, 466 U.S. at 689. For all of these reasons, and in view of the deferential standard the Court must apply under § 2254(d), the Court cannot conclude that the PCR court unreasonably applied the *Strickland* standard and overrules Petitioner's objections to the R & R.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Petitioner's objections to the R & R are **OVERRULED** and that the R & R is **ADOPTED**. Further, it is **ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and that Petitioner's § 2254 application is **DISMISSED** with prejudice.[2]

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**September 10, 2018**
**Charleston, South Carolina**

---

2. The Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).